E-FILED
Friday, 16 December, 2005  02:18:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL SEMPRINI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID H. NAOUR, )<br>)<br>Defendant. ) | Cause No. 04-1066 |

**CONSOLIDATED WITH**

| | |
|---|---|
| MICHAEL SEMPRINI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OSF HEALTHCARE SYSTEM, JEAN )<br>DORNFELD-FINKE, and )<br>BLOOMINGTON MEDICAL )<br>LABORATORY PHYSICIANS, )<br>)<br>Defendants. | Cause No. 04-1195 |

### **COMPLAINT**

### **Count 1**
### **(Specific Negligence by Dr. Naour)**

COMES NOW plaintiff Michael Semprini, by his attorneys, Joseph W. Phebus and Gary D. Forrester of the law firm of Phebus & Koester, and complaining of defendant David H. Naour, avers:

1. This court has jurisdiction by virtue of 28 U.S.C. Section 1332 in that:

**EXHIBIT A**

   A. The plaintiff is a citizen of the State of Arizona.

   B. The defendant is a citizen of the State of Illinois.

   C. The amount in controversy exceeds Seventy Five Thousand Dollars exclusive of interest and costs.

  2. This court has venue pursuant to 28 U.S.C. Section 1391 in that the defendant resides in this district and/or a substantial part of the events giving rise to the claim occurred in this jurisdiction.

  3. The defendant holds himself out as a surgeon skilled in the performance of abdominal surgeries including laparoscopic appendectomies.

  4. On June 22, 2002, the plaintiff entered into the defendant's care for treatment of appendicitis and on said date the defendant performed on the plaintiff an appendectomy by laparoscopy at OSF St. Joseph Medical Center in Bloomington, Illinois, and thereafter provided post-operative care.

  5. On June 27, 2002, defendant performed an exploratory laparotomy on the plaintiff at OSF St. Joseph Medical Center in Bloomington, Illinois, and thereafter provided post-operative care.

  6. In providing the surgical and medical care for the plaintiff, the defendant was under a duty to possess and utilize the knowledge and skill that a reasonably well qualified surgeon who performs abdominal surgeries, including those by laparoscopy, would possess and utilize in similar cases.

  7. In caring for the patient, the defendant violated said duty in various ways including, but not limited to one or more of the following ways or a combination thereof:

   A. Did not use proper technique in performing the surgery of

        June 22 with the result that a piece of the intestine was removed leaving a hole in the intestine;

B.     Failed to timely recognize during the surgery of June 22 that he had lacerated and removed a section of the intestine thereby leaving a hole in the intestine;

C.     Subsequent to the surgery of June 22 failed to timely diagnose the fact that he had lacerated and removed a section of the intestine with the result that surgical repair was not undertaken until June 27, 2002;

D.     Failed to diagnose the fact that the appendix had perforated prior to undertaking laparoscopic surgery of June 22, or alternatively undertook the procedure when he knew or should have known that the appendix was probably perforated;

E.     Failed to convert the laparoscopic surgery of June 22 to an open surgical procedure after discovering the perforation of the appendix;

F.     Utilized primary closure in the surgery of June 27.

8.     That as a direct and proximate result of the defendant's negligent acts or omissions or a combination thereof, the plaintiff was injured and sustained damages in that among other things:

A.     The plaintiff sustained an unrepaired laceration of the intestine for five days thereby allowing substantial contamination of the abdomen and damage to the intestine resulting in the surgical removal of a large section of the intestine and complications resulting therefrom and from the repair surgery of June 27;

B.     The plaintiff was required to undergo multiple surgeries in an attempt to repair the damage resulting from the laceration of the intestine and/or the delay in repairing the laceration and complications resulting therefrom and from the repair surgery of June 27;

C.     The plaintiff suffered substantial pain and suffering, both physical and mental, as a result of the laceration of the intestine and the delay in repairing the laceration and

          complications resulting therefrom and from the repair surgery of June 27;

D.     Many of plaintiff's injuries are permanent in nature and as a result of the injuries, plaintiff is unable to live a normal life;

E.     As a result of plaintiff's injuries, he incurred and became liable for bills for medical, hospital and life care and will incur and become liable for similar such bills in the future.

9.     Jean Dornfeld-Finke, Sam Pittmon and OSF St. Joseph Medical Center are believed by plaintiff to have information essential to the determination of who should properly be named as additional defendants in this cause. Accordingly, they are hereby designated and named Respondents in Discovery pursuant to Section 2-402 of the Illinois Code of Civil Procedure.

WHEREFORE plaintiff prays judgment against defendant in the sum of Five Million Dollars and for costs of suit and demands a trial by jury.

## Count 2
**(General Negligence by Dr. Naour)**

COMES NOW plaintiff Michael Semprini, by his attorneys, Joseph W. Phebus and Gary D. Forrester of the law firm of Phebus & Koester, and complaining of defendant David H. Naour, avers:

1.     This court has jurisdiction by virtue of 28 U.S.C. Section 1332 in that:

A.     The plaintiff is a citizen of the State of Arizona.

B.     The defendant is a citizen of the State of Illinois.

C.     The amount in controversy exceeds Seventy Five Thousand Dollars exclusive of interest and costs.

2.     This court has venue pursuant to 28 U.S.C. Section 1391 in that the

defendant resides in this district and/or a substantial part of the events giving rise to the claim occurred in this jurisdiction.

      3.      The defendant holds himself out as a surgeon skilled in the performance of abdominal surgeries including laparoscopic appendectomies.

      4.      On June 22, 2002, the plaintiff entered into the defendant's care for treatment of appendicitis and on said date the defendant performed on the plaintiff an appendectomy by laparoscopy at OSF St. Joseph Medical Center in Bloomington, Illinois, which operation was under the defendant's control and/or management.

      5.      In providing the surgical and medical care for the plaintiff, the defendant was under a duty to possess and utilize the knowledge and skill that a reasonably well qualified surgeon who performs abdominal surgeries, including those by laparoscopy, would possess and utilize in similar cases.

      6.      During the course of the surgery of June 22, defendant lacerated and removed a section of the plaintiff's intestine leaving a hole in the intestine.

      7.      In the normal course of events, the plaintiff's injury would not have occurred had the defendant possessed and applied the knowledge and used the skill and care that a reasonably well qualified surgeon performing appendectomies by laparoscope would have possessed and applied in the operation.

      8.      That as a direct and proximate result of the defendant's negligent acts or omissions or a combination thereof, the plaintiff was injured and sustained damages in that among other things:

      A.      The plaintiff sustained an unrepaired laceration of the intestine for five days thereby allowing substantial contamination of the abdomen and damage to the intestine resulting in the surgical removal of a large section of the

        intestine and complications resulting therefrom and from the repair surgery of June 27;

B.      The plaintiff was required to undergo multiple surgeries in an attempt to repair the damage resulting from the laceration of the intestine and/or the delay in repairing the laceration and complications resulting therefrom and from the repair surgery of June 27;

C.      The plaintiff suffered substantial pain and suffering, both physical and mental, as a result of the laceration of the intestine and the delay in repairing the laceration and complications resulting therefrom and from the repair surgery of June 27;

D.      Many of plaintiff's injuries are permanent in nature and as a result of the injuries, plaintiff is unable to live a normal life;

E.      As a result of plaintiff's injuries, he incurred and became liable for bills for medical, hospital and life care and will incur and become liable for similar such bills in the future.

9.      Jean Dornfeld-Finke, Sam Pittmon and OSF St. Joseph Medical Center are believed by plaintiff to have information essential to the determination of who should properly be named as additional defendants in this cause. Accordingly, they are hereby designated and named Respondents in Discovery pursuant to Section 2-402 of the Illinois Code of Civil Procedure.

WHEREFORE plaintiff prays judgment against defendant in the sum of Five Million Dollars and for costs of suit and demands a trial by jury.

### Count 3
**(Specific Negligence by OSF Healthcare System)**

COMES NOW plaintiff Michael Semprini, by his attorneys, Joseph W. Phebus and Gary D. Forrester of the law firm of Phebus & Koester, and complaining of defendant OSF Healthcare System d/b/a "OSF St. Joseph Medical Center" (hereinafter

referred to as "St. Joseph"), avers:

    1.    This court has jurisdiction by virtue of 28 U.S.C. Section 1332 in that:

        A.    The plaintiff is a citizen of the State of Arizona.

        B.    The defendant is a citizen of the State of Illinois.

        C.    The amount in controversy exceeds Seventy Five Thousand Dollars exclusive of interest and costs.

    2.    This court has venue pursuant to 28 U.S.C. Section 1391 in that the defendant resides in this district and/or a substantial part of the events giving rise to the claim occurred in this jurisdiction.

    3.    The defendant holds itself out as a full-service hospital which is located in Bloomington, Illinois.

    4.    On June 22, 2002, the plaintiff entered into defendant St. Joseph through its emergency room for treatment of appendicitis and on said date co-defendant David Naour, a physician on the staff of defendant St. Joseph, performed on the plaintiff an appendectomy by laparoscopy.

    5.    Plaintiff thereafter remained hospitalized at defendant St. Joseph until August 14, 2002.

    6.    On June 27, 2002, co-defendant Naour performed an exploratory laparotomy on the plaintiff at Defendant St. Joseph.

    7.    In providing hospital care for the plaintiff, Defendant St. Joseph was under a duty to possess and utilize the knowledge and skill that a reasonably well qualified hospital staff would possess and utilize in similar cases.

    8.    In providing hospital care for the plaintiff, defendant St. Joseph

violated said duty in various ways including, but not limited to one or more of the following ways or a combination thereof:

    A.    Failed to enforce and comply with the Joint Commission on Accreditation of Health Organization's (JCAHO) Hospital Accreditation Standards (HAS) which it had agreed in writing as a condition of accreditation to comply with, including but not limited to:

        (1)    those requiring prompt pathological and clinical laboratory services (PE.1.10.1);
        (2)    those requiring adequate examination and recordation of the results thereof both by the physician and by the nursing staff (PE.1.8, IM.7.3.2, IM.7.3.2.1, IM.7.3.3);
        (3)    those requiring preservation and safekeeping of the patient's medical records (IM.2.1).

    B.    Failed to adequately safeguard and preserve plaintiff's medical records;

    C.    Failed to cause to be performed a timely pathological examination of the surgical specimen of June 22, 2002;

    D.    Caused or allowed improper alteration of the plaintiff's medical records;

    E.    Failed to require immediate reporting by the pathology department to surgeons of findings of a condition requiring immediate intervention such as that of a perforated small intestine;

    F.    Failed to require and/or provide adequate observations and charting by the nursing staff; and

    G.    Failed to provide BMLP and/or its doctors, including defendant Finke, with a qualified histology specialist so as to facilitate the timely pathological examination, in-house, of the surgical specimen of June 22, 2002.

    9.    That as a direct and proximate result of the defendant's negligent acts or omissions or a combination thereof, the plaintiff was injured and sustained damages in that among other things:

A. A laceration of the small intestine during the surgery of June 22, 2002, went unrepaired for five days resulting in the surgical removal of a large section of the intestine and complications resulting therefrom;

B. The plaintiff was required to undergo multiple surgeries in an attempt to repair the damage resulting from the delay in repairing the laceration of the small intestine that occurred during the surgery of June 22, 2002;

C. The plaintiff suffered substantial pain and suffering, both physical and mental, as a result of complications from the delay in repairing the laceration of the small intestine that occurred during the surgery of June 22, 2002;

D. Many of said injuries are permanent in nature and as a result of the injuries, plaintiff is unable to live a normal life;

E. As a result of said injuries, plaintiff incurred and became liable for bills for medical, hospital and life care and will incur and become liable for similar such bills in the future.

WHEREFORE plaintiff prays judgment against defendant in the sum of Five Million Dollars and for costs of suit and demands a trial by jury.

## Count 4
**(Specific Negligence by Dr. Dornfeld-Finke and BMLP)**

COMES NOW plaintiff Michael Semprini, by his attorneys, Joseph W. Phebus and Gary D. Forrester of the law firm of Phebus & Koester, and complaining of defendants Jean Dornfeld-Finke ("Finke") and Bloomington Medical Laboratory Physicians ("BMLP"), avers:

1. This court has jurisdiction by virtue of 28 U.S.C. Section 1332 in that:

    A. The plaintiff is a citizen of the State of Arizona.

    B. The defendants are citizens of a state other than Arizona.

    C. The amount in controversy exceeds Seventy Five Thousand

Dollars exclusive of interest and costs.

2.  This court has venue pursuant to 28 U.S.C. Section 1391 in that a substantial part of the events giving rise to the claim occurred in this jurisdiction.

3.  Defendant Finke holds herself out as a physician, board certified in clinical and anatomical pathology, and skilled in the practice of pathology and at all relevant times was providing pathology services to patients hospitalized at co-defendant St. Joseph.

4.  The acts or omission on the part of defendant Finke complained of herein were in the course and scope of her employment, work or services with defendant BMLP. Accordingly, BMLP is liable for her acts or omissions complained of herein under the doctrine of *respondeat superior.*

5.  On June 22, 2002, the plaintiff entered into co-defendant St. Joseph through its emergency room for treatment of appendicitis and on said date, co-defendant David Naour, a physician on the staff of co-defendant St. Joseph, performed on the plaintiff an appendectomy by laparoscopy.

6.  The pathology specimens from said surgery were sent to pathology on or about June 22, 2002, where they were assigned pathology number SO2-3178; however, preliminary processing was not performed until June 24, 2002, and the processed slides were not read until June 25 and/or 26, 2002.

7.  In providing pathology services for the plaintiff, defendants Finke and BMLP were under a duty to possess and utilize the knowledge and skill that a reasonably well qualified pathologist would possess and utilize in similar cases.

8.  In providing pathology services for the plaintiff, defendant Finke

violated said duty in various ways including, but not limited to, one or more of the following ways or a combination thereof:

    A.    Failed to timely analyze the pathology specimens;

    B.    Failed to order or arrange timely and appropriate services, in-house, by a qualified histological specialist in relation to the surgical specimen of June 22, 2002, so as to facilitate the timely in-house analysis of said surgical specimen;

    C.    If a qualified in-house histology specialist not available to BMLP and its doctors, including Finke, on June 22, 2002, and at relevant times thereafter, she failed to carry out appropriate histological services in a timely manner so as to facilitate the timely analysis of the surgical specimen of June 22, 2002;

    D.    Failing to utilize pathology equipment that was on-site at the hospital for the timely analysis of the surgical specimen of June 22, 2002;

    E.    Failed to immediately comprehend and/or react to the obvious meaning of a piece of intestinal villi in the pathology specimens and the potentially disastrous situation presented as a result thereof;

    F.    Failed to immediately prepare a written report on June 25, 2002, reporting the presence of intestinal villi in the pathology specimens; and

    G.    If she did not immediately upon examination of the slides advise Naour that the slides contained intestinal villi, then she failed to timely advise Naour of that fact.

    9.    In providing pathology services for the plaintiff, defendant BMLP further violated its said duty in various ways including, but not limited to:

    A.    Failing to provide or arrange for a qualified histology specialist to perform timely and appropriate in-house services in regard to the surgical specimen of June 22, 2002, so as to facilitate the timely pathological examination of the said specimen;

    B.    Failing to utilize pathology equipment that was on-site at the hospital for the timely analysis of the surgical specimen of June 22,

2002; and

C. If a qualified in-house histology specialist not available to BMLP and its doctors, including Finke, on June 22, 2002, and at relevant times thereafter, failing to carry out appropriate histological services in a timely manner so as to facilitate the timely analysis of the surgical specimen of June 22, 2002.

10. That as a direct and proximate result of the defendants' negligent acts or omissions or a combination thereof, the plaintiff was injured and sustained damages in that there was a delay in the diagnosis of the plaintiff's unrepaired lacerated intestine resulting in the aggravation and complication of plaintiff's condition as a result of which:

A. Plaintiff was required to undergo multiple additional surgeries;

B. Plaintiff was required to undergo more extensive surgical repair;

C. Plaintiff sustained further pain and suffering, both physical and mental, as a result of the delay in repairing the laceration of the intestine and the complications resulting therefrom;

D. Many of plaintiff's injuries are permanent in nature and as a result of the injuries, plaintiff is unable to live a normal life;

E. As a result of plaintiff's injuries, he incurred and became liable for bills for medical, hospital and life care and will incur and become liable for similar bills in the future.

WHEREFORE plaintiff prays judgment against defendants in the sum of Five Million Dollars and for costs of suit and demands a trial by jury.

BY: s/Gary D. Forrester
Gary D. Forrester
Attorney for Plaintiff
PHEBUS & KOESTER
136 West Main Street

        Urbana, Illinois 61801
        (217) 337-1400
        (217) 337-1607 (fax)
        gdforrester@phebuslaw.com


        BY:  s/ Joseph W. Phebus
        Joseph W. Phebus
        Attorney for Plaintiff
        PHEBUS & KOESTER
        136 West Main Street
        Urbana, Illinois 61801
        (217) 337-1400
        (217) 337-1607 (fax)
        jwphebus@phebuslaw.com

## **JURY DEMAND**

COMES NOW Plaintiff Michael Semprini, by one of his attorneys, Gary D. Forrester of the law firm of Phebus & Koester, and hereby demands a trial by jury on the issues in this cause.

        BY:  s/Gary D. Forrester
        Gary D. Forrester
        Attorney for Plaintiff
        PHEBUS & KOESTER
        136 West Main Street
        Urbana, Illinois 61801
        (217) 337-1400
        (217) 337-1607 (fax)
        gdforrester@phebuslaw.com


*f:\docs\joe\semprini\am comp.doc*